# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Dorothy Manning,
Melinda Bailey and
Taylor Bailey, by her next friend
and guardian/natural mother, Melinda Bailey,
Plaintiffs Below, Petitioners

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.) No. 17-0798 (Mercer County 14-C-406)

Don Meadows, individually and in his
Capacity as the Sheriff of Mercer County, and
The Mercer County Commission,
Defendants Below, Respondents

## MEMORANDUM DECISION

Petitioners Dorothy Manning, Melinda Bailey, and Taylor Bailey, by her next friend and guardian/natural mother, Melinda Bailey, by counsel Anthony M. Salvatore, appeal the Circuit Court of Mercer County's August 18, 2017, order granting respondents' motion for summary judgment. Respondents Don Meadows, individually and in his capacity as the Sheriff of Mercer County, and the Mercer County Commission, by counsel James C. Stebbins and Spencer D. Elliott, filed a response. On appeal, petitioners argue that the circuit court erred in granting respondents' motion for summary judgment.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 18, 2014, petitioners attended a magistrate court hearing at the Mercer County Courthouse. The hearing involved a dispute between petitioner Taylor Bailey and another high school student. Petitioners alleged that following the hearing, Sheriff Meadows became irate, screaming and yelling at them in a violent and threatening manner. Sheriff Meadows admitted that he issued a verbal warning to petitioners, but denied screaming or yelling in a threatening manner. Following the incident, petitioners filed a complaint against respondents alleging intentional infliction of emotional distress. In regard to damages, petitioners claimed that they suffered from severe emotional distress and anxiety as a result of the incident with Sheriff Meadows.

1

Thereafter, respondents filed a motion for summary judgment pursuant to Rule 56 of the West Virginia Rules of Civil Procedure. Respondents argued that Sheriff Meadows's alleged conduct did not rise to the level required to prove the tort of intentional infliction of emotional distress. Respondents requested that the circuit court grant summary judgment if the circuit court found no genuine issues of material fact. Petitioners filed a response in opposition arguing that there were genuine issues for trial and that the actions of Sheriff Meadows caused them to suffer severe emotional distress and anxiety.

During the August 16, 2017, hearing on respondents' motion for summary judgment, the circuit court found that petitioners did not meet the elements of intentional infliction of emotional distress necessary to recover damages. In its order granting summary judgment, the circuit court explained that

> [f]irst, as a matter of law, the conduct reported by [petitioners] was not so extreme and outrageous that it would go beyond all possible bounds of decency. This is an absolute requirement for the first element of the tort of [intentional infliction of emotional distress] to be met. This [c]ourt, as gatekeeper for frivolous claims, has a duty to dismiss an action when as a matter of law the conduct complained of is not outrageous; rather, it was only an incident where someone was inconsiderate and unkind. As the West Virginia Supreme Court has explained, society is expected to be hardened to a certain amount of rough language and it is certainly not this [c]ourt's duty to intervene every time someone's feelings are hurt.

The circuit court further noted in its order that petitioners had not been diagnosed with post-traumatic stress disorder, nor had they incurred any medical expenses as a result of the incident with Sheriff Meadows. In their complaint, petitioners did not allege any physical threats by Sheriff Meadows or any physical injury. While Taylor Bailey stated that she experienced one episode of sleep paralysis, nightmares, a fear of being pulled over by a police officer, and high blood pressure, she was on high blood pressure medication prior to the incident and failed to seek any medical treatment as a result of this incident. Additionally, Melinda Bailey complained of high blood pressure, sleep-loss, nightmares, and diagnosed herself with post-traumatic stress disorder. However, she admitted that she was previously prescribed Xanax and Lexapro before the incident occurred, and also admitted that she did not go to a psychologist or psychiatrist following the incident. Lastly, Dorothy Manning claimed to have post-traumatic stress disorder and complained of nightmares, hair loss, diabetes, and high blood pressure, but admitted to taking three Xanaxes a day prior to the incident and further admitted that none of her medication changed following the incident with Sheriff Meadows.

The circuit court also noted that in petitioners' response to the motion for summary judgment, "there was merely a bare recitation of the facts with the depositions included. There was no argument or evidence presented that would lead this [c]ourt to believe this claim should not be dismissed." Ultimately, the circuit court found that there were no material factual issues in dispute which could lead a reasonable jury to find respondents liable. Accordingly, respondents' motion for summary judgment was granted and the case was dismissed. It is from the circuit court's August 18, 2017, order granting summary judgment that petitioners appeal.

Our standards of review for cases concerning summary judgment are well settled. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W.Va. at 190, 451 S.E.2d at 756, Syl. Pt. 2. In other words,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.* at 190, 451 S.E.2d at 756, Syl. Pt. 4. We have held that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." *Id.* at 190, 451 S.E.2d at 756, Syl. Pt. 3.

On appeal, petitioners argue that the circuit court erred in granting summary judgment in favor of respondents. Petitioners acknowledge that, pursuant to Rule 56(e) of the West Virginia Rules of Civil Procedure, the party responding to a motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." However, the circuit court noted that in their response to the motion for summary judgment, petitioners failed to provide an "argument or evidence . . . that would lead th[e] [c]ourt to believe this claim should not be dismissed." Further, while petitioners argue on appeal that "depositions made the record replete with evidence from which a jury could have concluded in [petitioners'] favor," petitioners fail to cite to this evidence or explain to what evidence they are referring. Moreover, the record is devoid of any issues of material fact raised by petitioners that would need to be brought to trial. Therefore, the circuit court determined that there were no material issues for trial, and we agree.

Next, petitioners argue that the circuit court erred in granting summary judgment in regard to their claim of intentional infliction of emotional distress because a jury may have "concluded in [petitioners'] favor." However, as discussed above, the circuit court correctly concluded that there were no issues for trial. Nevertheless, we have held that

> [i]n order for a plaintiff to prevail on a claim for intentional or reckless infliction of emotional distress, four elements must be established. It must be shown: (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain

3

or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. Pt. 3, *Travis v. Alcon Labs., Inc.*, 202 W.Va. 369, 504 S.E.2d 419 (1998). Further, we have also held that

> [i]n evaluating a defendant's conduct in an intentional or reckless infliction of emotional distress claim, the role of the trial court is to first determine whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to constitute the intentional or reckless infliction of emotional distress. Whether conduct may reasonably be considered outrageous is a legal question, and whether conduct is in fact outrageous is a question for jury determination.

*Id*. at 371, 504 S.E.2d at 421, Syl. Pt. 4. Whether Sheriff Meadows's conduct may reasonably be considered outrageous was a question of law for the circuit court to decide. Petitioners failed to provide sufficient evidence to show that Sheriff Meadows's conduct was extreme and outrageous. While it is undisputed that words were exchanged between Sheriff Meadows and petitioners, we have held that

> [l]iability [for intentional infliction of emotional distress] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Id*. at 375, 504 S.E.2d at 425. We have also held that "plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where some one's feelings are hurt." *Tanner v. Rite Aid of W.Va., Inc*., 194 W.Va. 643, 651, 461 S.E.2d 149, 157 (1995) (citations omitted). Based upon the evidence in the record regarding Sheriff Meadows's conduct, it is clear that his actions may not reasonably be considered to be outrageous.

Petitioners were also required to prove that they suffered severe and unendurable emotional distress as a result of Sheriff Meadows's conduct. *Travis*, 202 W.Va. at 371, 504 S.E.2d at 421, Syl. Pt. 4. While petitioners complained of severe emotional distress, anxiety, high blood pressure, and other issues as a result of the incident, petitioners admitted that they did not seek any medical attention following the exchange with Sheriff Meadows. Furthermore, evidence indicated that petitioners were prescribed medications for issues such as anxiety and high blood pressure prior to the incident and that their medications did not change after the incident. Petitioners presented no evidence below or on appeal to demonstrate that they were entitled to relief for a claim of intentional infliction of emotional distress. Therefore, we find no error in the circuit court's decision to grant summary judgment in favor of respondents.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 18, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating